THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AUGUSTO RIVERA, Defendant and Appellant.

No. 10662.   Argued December 6, 1944.—Decided March 12, 1945.

*Agustín E. Font* and *Arturo Rivera Ramos* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Augusto Rivera was accused by the prosecuting attorney of the crime of murder in the second degree, was convicted

by a jury of voluntary manslaughter, and sentenced by the District Court of Ponce to serve three years in the penitentiary. In this appeal, even though the appellant charges the trial court with having committed ten errors, we consider that, in their majority, they lack merit. For instance, those where it is alleged that the court erred in not permitting certain leading questions, in permitting the testimony of a witness whose name did not appear on the back of the information, in permitting an irrevelant question and another, which constituted a conclusion of fact, in that the prosecuting attorney and the court stated in the record that a witness after thinking for a while failed to answer a question, and in denying the motion for a new trial (no appeal was taken from that ruling).

We shall briefly pass upon the remaining assignments.

■ It is alleged that the court erred in dismissing a motion for mistrial. This allegation is based on the fact that the district attorney, upon informing the court that he was going to lay the foundation for the impeachment of the veracity of the witness, stated the following: "I am going to put him in jail too, for perjury." It is true that the district attorney should not have uttered those words, but the court immediately charged the jury with a lengthy instruction and ended by saying:

"... You should forget all those statements and decide the case upon its merits and according to the evidence introduced and judge each witness by his own testimony and by the manner in which he testified and not by what the district attorney said."

Notwithstanding the fact that the remarks made by the district attorney were improper, it is our opinion that the court acted promptly in defense of defendant's rights and therefore the mistrial sought did not lie.

■ In the fifth and sixth assignments it is maintained that the court erred in refusing to admit evidence of the defense as to the bad reputation of the deceased and as to

certain statements made by the latter a short time before the events, which showed his purpose of attacking the defendant.

This evidence was not rejected by the court peremptorily but its admission was conditioned thus:

"Judge. The Court believes that it should not yet allow the evidence as to the reputation of the deceased, not until the defendant introduces evidence tending to establish self-defense; it is not a matter of not permitting the evidence, only that the Court believes that it is premature according to the holdings of the decisions."

And as to the statements of the deceased, it conditioned their admission upon the showing that the defendant had knowledge of said statements. In support of these rulings the court cited the cases of *People* v. *Lanause,* 30 P.R.R. 679; *The People* v. *Varela,* 42 P.R.R. 792, and *People* v. *Quintana,* 50 P.R.R. 60.

It appears from the record that the theory of the defendant was that when he assaulted the decesed he acted in self-defense. However, when he tried to prove the bad reputation of the deceased and the words which were attributed to him, no evidence was offered tending to establish the self-defense. According to the cases cited,[1] the court committed no error and much less if we take into consideration the fact that, subsequently, at the trial and after the evidence of self-defense had been introduced, the court admitted the evidence as to deceased's reputation and the threats that he had made. Moreover, the defendant himself, upon testifying as a witness, gave ample information of his knowledge in regard to the reputation of the deceased from facts which had occurred in his presence and also of the offenses for which he had been sentenced, and he likewise testified that he had been told of the fact that deceased had threatened to give him a beating. It is obvious that these errors were not committed.

---

[1] In the case of Lanause subsequently ratified we held that "When there is no evidence of self-defense or that the homicide was justifiable, evidence of the victim's reputation as a dangerous person is not admissible."

Nor did the court commit the last error assigned because it refused to give to the jury the special instructions requested by the defense. Those instructions, in their majority, were contained in those which had already been transmitted by the court to the jury, and the others were manifestly improper since they were based on presumptions not admitted by law as justification for a homicide.

The judgment appealed from should be affirmed.